*Notice: This order is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

## THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| ALASKA PUBLIC OFFICES COMMISSION, ) | Supreme Court No. S-17839 |
| ) | |
| Petitioner, ) | Superior Court Nos. 4FA-19-01989/ 01990 CI |
| ) | |
| v. ) | |
| ) | **Order** |
| NOT TAMMIE and CITIZENS FOR ) | |
| CLEAN AIR — NO ON PROPOSITION 1, ) | **Order No. 114 – March 12, 2021** |
| ) | |
| Respondents. ) | |
| ) | |

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices. [Borghesan, Justice, not participating.]

**PER CURIAM**

1.      This matter arises from an Alaska Public Offices Commission (APOC) enforcement action that was appealed to the superior court.[1]  In the underlying agency proceedings, APOC's chairperson sat on the panel rendering APOC's decision and also acted as the panel's hearing officer to deal with procedural and evidentiary matters before the panel.  The court remanded the matter for further proceedings before the APOC panel.  But the court ruled that it had been improper for the chairperson to act

---

[1]      APOC implements Alaska's campaign finance laws and is authorized to "investigate" campaign finance law violations, assess fines, and hold hearings. AS 15.13.020-.030, .045, .390.  This matter arises from APOC's enforcement of campaign contribution reporting requirements codified at AS 15.13.390(a) and AS 15.13.110.

as the hearing officer (although it had been harmless error given the chairperson's rulings) and that APOC must use a qualified hearing officer not connected with APOC to conduct the remand proceedings.

2. APOC petitioned for review of the superior court's hearing officer rulings. We granted the petition[2] and ordered briefing because the rulings might otherwise evade review.[3] Given the nature of the legal issues before us, it is unnecessary to explain the facts and procedural history of the underlying enforcement action.

3. The parties agree that a single provision of the Administrative Procedures Act (APA) applies to their dispute:

> The governor shall assign a qualified, unbiased, and impartial hearing officer, with experience in the general practice of law, to conduct hearings under this chapter that are not conducted by the office of administrative hearings . . . . A hearing officer may perform other duties in connection with the administration of this chapter and other laws.[4]

"Statutory interpretation is . . . a question of law, which we review de novo."[5] Although we may defer to an agency's statutory interpretation when "particularized [agency] experience and knowledge" are involved,[6] no deference is warranted in this matter. We interpret statutes "according to reason, practicality, and

---

[2]     *Alaska Pub. Offices Comm'n v. Not Tammie & Citizens for Clean Air – No on Proposition 1*, Nos.-17839/17859 (Alaska Supreme Court Order, Aug. 26, 2020).

[3]     *See* Alaska R. App. P. 402(b)(4) (authorizing interlocutory review of issues "that might otherwise evade review").

[4]     AS 44.62.350(a). The provision explicitly applies to APOC. AS 44.62.330(a)(20).

[5]     *Madonna v. Tamarack Air, Ltd.*, 298 P.3d 875, 878 (Alaska 2013).

[6]     *Kelly v. Zamarello*, 486 P.2d 906, 916 (Alaska 1971).

common sense, considering the meaning of the statute's language, its legislative history, and its purpose."[7] We use a sliding scale approach: "The plainer the statutory language is, the more convincing the evidence of contrary legislative purpose or intent must be."[8]

4. The superior court interpreted the statute to require that: (1) the governor must explicitly, not implicitly, appoint hearing officers for APOC proceedings not conducted by the Office of Administrative Hearings; and (2) a commissioner may not be an APOC panel's hearing officer because of inherent bias from the agency affiliation and improper merger of the distinct roles of hearing officer and APOC commissioner. APOC challenges these conclusions.

5. APOC first argues that the governor may implicitly assign a hearing officer simply by appointing an otherwise qualified person to a quasi-judicial body.[9] APOC contends that "the governor selected any qualified member [of the commission] to serve as a hearing officer" by "appointing [the member] to a quasi-judicial body that holds hearings on campaign finance and disclosure requirements." APOC therefore concludes that it may have any otherwise qualified commissioner serve as the panel's hearing officer without further input from the governor. APOC then argues that the superior court erred by concluding that a hearing officer cannot be appointed from APOC's ranks, including from among the commissioners, due to inherent agency bias or improper merger of the roles of APOC commissioner and hearing officer.

---

[7] *Nelson v. Municipality of Anchorage*, 267 P.3d 636, 639 (Alaska 2011).

[8] *Muller v. BP Expl. (Alaska) Inc.*, 923 P.2d 783, 788 (Alaska 1996).

[9] Hearing officers must be "qualified, unbiased, and impartial . . . with experience in the general practice of law." AS 44.62.350(a). They also must "have been admitted to practice law for at least two years immediately before the appointment." AS 44.62.350(c).

6.     We AFFIRM the superior court's ruling that the governor must explicitly assign APOC hearing officers. Alaska Statute 44.62.350(a) provides that "the governor shall assign a qualified, unbiased, and impartial hearing officer" to conduct certain agency hearings. The plain statutory language requires the governor to consider proposed hearing officers' qualifications and then assign one to serve as a hearing officer. APOC mistakenly argues that a person can serve as a hearing officer by virtue of appointment to certain *other* governmental positions. But under APOC's interpretation, a person could serve as a hearing officer without the governor ever considering that person's qualifications to be a hearing officer; the statutory text APOC presented does not support that proposition, and APOC did not point us to any contrary legislative history. The governor therefore must explicitly assign APOC hearing officers.[10]

7.     We REVERSE the superior court's ruling that a governor-appointed hearing officer cannot, as a matter of law, be an agency employee or commissioner. The APA does not explicitly prohibit hearing officers from deciding the merits of cases,[11] provided they remain "unbiased[] and impartial."[12] The superior court concluded that APOC commissioners cannot remain unbiased because they are "inherently biased" by their APOC affiliation. But this contradicts well-established precedent allowing agency employees to be adjudicators: "[A]dministrative officers are 'presumed to be honest and

---

[10]     We agree with the superior court that APOC's error was harmless, and this order does not affect prior APOC decisions in this case already affirmed by the superior court. But for future hearings APOC must supply a hearing officer explicitly assigned by the governor.

[11]     *See* AS 44.62.350(a) ("A hearing officer may perform other duties in connection with the administration of this chapter and other laws.").

[12]     *Id.*

impartial.' "[13] And if all APOC commissioners were considered inherently biased by their positions, they would not be able to decide the merits of APOC cases without raising due process concerns.[14] The superior court also concluded that APOC cannot merge the roles of APOC commissioner and hearing officer in one person. But we disagree that allowing occasional merger of these roles necessarily defeats the purpose of creating distinct positions; a governor may prefer not to merge the roles, or a panel of APOC commissioners may not have anyone qualified to serve as a hearing officer. Creating distinct positions merely accounts for these possibilities. And we note that when the Office of Administrative Hearings conducts hearings, an administrative law judge functionally performs both roles whenever an agency adopts the administrative law judge's proposed order.[15] Qualified APOC commissioners therefore may serve as

---

[13]    *Calvert v. State, Dep't of Labor & Workforce Dev., Emp't Sec. Div.*, 251 P.3d 990, 1006 (Alaska 2011) (quoting *AT & T Alascom v. Orchitt*, 161 P.3d 1232, 1246 (Alaska 2007)); *see also Amerada Hess Pipeline Corp. v. Regulatory Comm'n of Alaska*, 176 P.3d 667, 675 (Alaska 2008) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975) (discussing presumption of administrative adjudicator integrity)).

[14]    *See AT & T Alascom*, 161 P.3d at 1246 ("Due process gives a party the right to have an impartial tribunal . . . ."); *see also Amerada Hess Pipeline Corp. v. Alaska Pub. Utils. Comm'n*, 711 P.2d 1170, 1180 (Alaska 1986) ("[T]he merger of investigative and executive responsibilities with adjudication does not violate . . . due process if institutional safeguards exist against the abuse of unchecked administrative discretion."). The record reflects that APOC maintains commissioner impartiality by creating a firewall between prosecutorial staff and quasi-judicial commissioners; for example, APOC explained that commissioners actively "avoid conversations . . . that could ever cause [commissioners] to become partial to a staff recommendation." *See* AS 15.13.020(i) (prohibiting staff members from voting on commission matters); AS 15.13.374(c)-(d) (authorizing executive director to draft advisory opinions that commissioners may adopt or reject).

[15]    *See* AS 44.64.060(d)-(f) (authorizing administrative law judge to write
(continued...)

hearing officers if they meet all necessary qualifications and are explicitly assigned by the governor. As always, a party may allege actual hearing officer bias and seek recusal when appropriate.[16]

ENTERED at the direction of the court.

Clerk of the Appellate Courts

/s/

Meredith Montgomery

cc: Supreme Court Justices
Judge Peterson

Distribution:

Kimberly Rodgers
Alaska Department of Law
1031 W 4th Ave Suite 200
Anchorage, AK 99501

Michael Walleri
Jason Weiner and Associates, PC
1008 16th Avenue, Suite 200
Fairbanks, AK 99701

---

[15] (...continued)
proposed order that becomes final absent timely agency modification).

[16] *See Calvert*, 251 P.3d at 1006 (discussing requirements for showing actual hearing officer bias).